UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO.: 5:10-cv-255-KKC

5IFTH ELEMENT CREATIVE, LLC                                                PLAINTIFF

v.                    **MEMORANDUM OPINION AND ORDER**

HENRY KIRSCH                                                                DEFENDANT

\* \* \*    \* \* \*    \* \* \*    \* \* \*

This matter is before the Court on the Plaintiff's Motion for Expedited Discovery (DE 11). This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the Plaintiff's motion.

**I.    BACKGROUND**

The Plaintiff currently provides advertising, marketing, and public relations services for medical and pharmaceutical companies (DE 10, Ex. A, Rice Dec. ¶ 2). In November of 2008, the Plaintiff and the Defendant entered into an Employment Agreement under which the Defendant was hired as a full-time Executive Vice President, Managing Director for a term of three years, with the possibility of three-year renewals (DE 1, Ex. A ¶¶ 1, 8). The Employment Agreement provides that the Defendant was to receive an annual base salary of not less than $225,000, a bonus of 25% of the Company's net income per annum, and a 25% equity ownership of the Plaintiff which was to vest over three years (DE 1, Ex. A ¶ 4).

The Employment Agreement also contains two other important provisions–an "Exclusiveness of Services" clause and a "Confidentiality" clause (DE 1, Ex. A ¶¶ 2, 3). Paragraph 2, the "Exclusiveness of Services" provision, states:

> The Employee hereby agrees that during the term of this Agreement he will make available his services solely and exclusively to the Company, and that during such time

he will not render any similar services for his own account, or any services for any other person, firm, or corporation, without first obtaining the prior written consent of Company.

Paragraph 3, the "Confidentiality" provision, states:

All data or Information concerning the business activities of Company which Employee acquires or has acquired in connection with or as a result of the performance of services for Company, whether under this Agreement or prior to the effective date of this Agreement, shall be kept secret and confidential by Employee and shall be revealed only to Company unless Company otherwise consents. This covenant of confidentiality shall extend beyond the term of this Agreement and shall survive the termination of this Agreement for any reason.

Notably, the Agreement contains neither a non-compete provision nor a non-solicitation provision (DE 1, Ex. A).

On July 15, 2010, the Defendant resigned his employment with the Plaintiff (DE 20, Ex. A, Kirsch Dec. ¶ 18). The Plaintiff claims that the Defendant's resignation was without notice or stated cause other than a disagreement over the management and future direction of 5ifth Element (DE 10, Ex. A. Rice Dec. ¶ 5). However, the Defendant argues that the Plaintiff breached the Employment Agreement by not providing him with an ownership interest in 5ifth Element, prompting him to resign (DE 20, Ex. A, Kirsch Dec. ¶¶ 17, 18).

The Plaintiff now alleges that while the Defendant was employed by 5ifth Element, he solicited the business of at least three clients for his own personal benefit and the benefit of a new business he started upon his departure (DE 1, ¶ 54). The Plaintiff has also filed a motion for a preliminary injunction, asking the Court to enjoin the Defendant from utilizing any and all resources and confidential business and trade secrets data he obtained from 5ifth Element in the solicitation of business from third parties (DE 10). However, the Plaintiff has moved the Court for leave to conduct expedited discovery in order to uncover additional admissible evidence to support its request for a preliminary injunction (DE 11). Specifically, the Plaintiff seeks to depose seven individuals and

serve the Defendant with requests for production of documents (DE 11). The Plaintiff has asked the Court to consider its request for expedited discovery before the Court rules on the Plaintiff's motion for a preliminary injunction (DE 23).

## II. ANALYSIS

According to Federal Rule of Civil Procedure 26(d)(1), formal discovery is generally not permitted prior to a Rule 26(f) conference. However, Rule 26(d) vests this Court with the discretion to order expedited discovery. The party seeking the expedited discovery bears the burden of showing good cause for this departure from the usual discovery process. *See Russell v. Lumpkin*, 2010 WL 1882139, *2 (S.D. Ohio 2010); *Giltnane v. Tennessee Valley Auth.*, 2009 WL 230594, *2 (E.D. Tenn. 2009); *Psychopathic Records Inc. v. Anderson*, 2008 WL 4852915, *1 (E.D. Mich. 2008). The Plaintiff is correct that this good cause standard may be met where a party seeks a preliminary injunction. FED. R. CIV. P. 26(d) advisory committee's note. However, district courts within this circuit have recognized that expedited discovery is not the norm and that such requests must be narrowly tailored to obtain information relevant to the determination of the preliminary injunction. *See e.g.*, *Johnson v. U.S. Bank Nat. Ass'n*, 2009 WL 4682668, *1 (S.D. Ohio 2009) (noting that "[a]s part of the good cause inquiry, courts also look to see that the proposed discovery is appropriately narrow and targeted").

In this case, the Plaintiff's expedited discovery request is quite broad (DE 11). Specifically, the Plaintiff seeks the unrestricted ability to depose three former employees or consultants of 5ifth Element, three members of third-party companies, and the Defendant, as well as leave to serve the Defendant with an untold number of requests for production of documents (DE 11). The Plaintiff has not provided the Court with any limitations on either the line of questions to be asked during the depositions or the types of documents it seeks from the Defendant (DE 11). Furthermore, the

3

Plaintiff acknowledges that "5ifth Element intends to demonstrate for the Court, through expedited discovery that it seeks, that Kirsch solicited business from the same companies he pitched to as an employee of 5ifth Element." (DE 11). Although such evidence might relate to the Plaintiff's claim that the Defendant breached the "Exclusiveness of Services" provision of the Employment Agreement, it is not relevant to the Plaintiff's motion for a preliminary injunction, which seeks to enjoin the Defendant from using 5ifth Element's confidential information in the future.[1] Accordingly, the Court rejects the Plaintiff's assertion that it is only seeking limited discovery that "relates directly to the pressing and imminent issues raised in 5ifth Element's Motion for a Preliminary Injunction." (DE 11). Finally, the Court finds that the Plaintiff has not demonstrated how its need for such broad, expedited discovery outweighs the prejudice to the Defendant in complying with these expansive requests. *See Lumpkin*, 2010 WL 1882139 at *2.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Expedited Discovery (DE 11) is **DENIED**.

So ordered this 18th day of October, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge

---

[1] The Court will hold a hearing on the Plaintiff's motion for a preliminary injunction, at which time the Plaintiff shall identify precisely which confidential business and trade secret data is allegedly being misappropriated by the Defendant. Upon a proper showing, the Court may allow the Plaintiff to proceed with discovery that is appropriately narrow and relevant to its motion for a preliminary injunction.