UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO.: 5:10-cv-00255-KKC

5IFTH ELEMENT CREATIVE, LLC                                          PLAINTIFF

v.                **MEMORANDUM OPINION AND ORDER**

HENRY KIRSCH                                                          DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the motion for preliminary injunction filed by the Plaintiff, 5ifth Element Creative, LLC (DE 10). 5ifth Element seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65, ordering the Defendant, Henry Kirsch, and all those in concert or privity with him, "to immediately cease and desist from utilizing any and all resources and confidential business and trade secret data he obtained from 5ifth Element, its employees and its consultants in the solicitation of business, personally or through any company or corporate entity with which he is affiliated." The Court has reviewed the parties' briefs and conducted a hearing at which both parties presented evidence and made arguments on the motion for injunctive relief. As a result, this matter is now ripe for a decision. For the reasons set forth below, the Court will deny the Plaintiff's motion for a preliminary injunction.

I.   **BACKGROUND**

The Plaintiff currently provides advertising, marketing, and public relations services for medical and pharmaceutical companies (DE 10, Ex. A, Rice Dec. ¶ 2). In November of 2008, the Plaintiff and the Defendant entered into an Employment Agreement under which the Defendant was hired as a full-time Executive Vice President, Managing Director for a term of three years,

with the possibility of three-year renewals (DE 1, Ex. A ¶¶ 1, 8). The Employment Agreement provides that the Defendant was to receive an annual base salary of not less than $225,000, a bonus of 25% of the Company's net income per annum, and a 25% equity ownership of the Plaintiff which was to vest over three years (DE 1, Ex. A ¶ 4).

The Employment Agreement also contains two other important provisions–an "Exclusiveness of Services" clause and a "Confidentiality" clause (DE 1, Ex. A ¶¶ 2, 3). Paragraph 2, the "Exclusiveness of Services" provision, states:

> The Employee hereby agrees that during the term of this Agreement he will make available his services solely and exclusively to the Company, and that during such time he will not render any similar services for his own account, or any services for any other person, firm, or corporation, without first obtaining the prior written consent of Company.

Paragraph 3, the "Confidentiality" provision, states:

> All data or Information concerning the business activities of Company which Employee acquires or has acquired in connection with or as a result of the performance of services for Company, whether under this Agreement or prior to the effective date of this Agreement, shall be kept secret and confidential by Employee and shall be revealed only to Company unless Company otherwise consents. This covenant of confidentiality shall extend beyond the term of this Agreement and shall survive the termination of this Agreement for any reason.

Notably, the Agreement contains neither a non-compete provision nor a non-solicitation provision (DE 1, Ex. A).

On July 15, 2010, the Defendant resigned his employment with the Plaintiff (DE 20, Ex. A, Kirsch Dec. ¶ 18). The Plaintiff claims that the Defendant's resignation was without notice or stated cause other than a disagreement over the management and future direction of 5ifth Element (DE 10, Ex. A. Rice Dec. ¶ 5). However, the Defendant argues that the Plaintiff breached the Employment Agreement by not providing him with an ownership interest in 5ifth

Element, prompting him to resign (DE 20, Ex. A, Kirsch Dec. ¶¶ 17, 18).

In its complaint, the Plaintiff alleges that while the Defendant was employed by 5ifth Element, he solicited the business of at least three clients for his own personal benefit and the benefit of a new business he started known as Cherry Communication, LLC (DE 1). Accordingly, the Plaintiff asserts a number of claims against the Defendant, including but not limited to breaches of contract, fiduciary duty, and the implied covenants of good faith and fair dealing, as well as usurpation of corporate opportunity. The Plaintiff also filed a motion for a preliminary injunction, seeking to enjoin the Defendant from utilizing any and all resources and confidential business and trade secret data he obtained from 5ifth Element in the solicitation of business (DE 10). The Court held a hearing on the Plaintiff's motion on November 18, 2010.

## II. DISCUSSION

### A. Preliminary Injunction Standard

A preliminary injunction under Rule 65 is an extraordinary remedy, which should only be granted if the moving party carries its burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). According to the Sixth Circuit, this Court's decision on whether to issue the injunction requires balancing four factors: (1) the likelihood that 5ifth Element will succeed on the merits; (2) whether 5ifth Element will suffer irreparable harm if the injunction is not granted; (3) the probability that granting the injunction will cause substantial harm to others; and (4) whether the injunction advances the public interest. *Jones v. Caruso*, 569 F.3d 258, 270 (6th Cir. 2009). These four considerations are "factors to be balanced, not prerequisites that must be met." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003).

B.  Analysis

1.  Likelihood of Success on the Merits

The Court must first consider the likelihood that 5ifth Element will succeed on the merits. In its motion and at the hearing, the Plaintiff focused on its claim that while the Defendant was employed by 5ifth Element, he solicited the business of ThromboGenics, Inc., Merz Pharmaceuticals USA, and Hospira, Inc. for his own personal benefit (DE 10).  However, while the Plaintiff vaguely and repeatedly stated that the Defendant is continuing to use "the resources and confidential business and trade secrets data he obtained from 5ifth Element," the Plaintiff did not specifically identify in either its briefs or through evidence at the hearing any confidential business information or trade secret data that is being misappropriated or misused by the Defendant.  In fact, all three of the Plaintiff's witnesses at the hearing admitted that they have no evidence that the Defendant is actually using, rather than merely possessing, 5ifth Element's confidential information.  Without this evidence, the Plaintiff has not shown any likelihood of success on its claim that the Defendant has breached or is breaching the "Confidentiality" provision of the Employment Agreement, the only provision that extends beyond the term of the Agreement.[1]

2.  Irreparable Harm to 5ifth Element Absent the Injunction

The Court must next consider whether 5ifth Element will suffer irreparable harm if the injunction is not granted.  According to the Sixth Circuit, "[a] plaintiff's harm from the denial of

---

[1] There may be evidence that while he was employed by 5ifth Element, the Defendant violated the "Exclusiveness of Services" provision of the Employment Agreement.  However, as the Court noted at the hearing, the proper remedy for such a violation would be money damages since this Court cannot order the Plaintiff's former clients to terminate their relationship with the Defendant and rehire the Plaintiff.

4

a preliminary injunction is irreparable if it is not fully compensable by monetary damages." *Overstreet*, 305 F.3d at 578. Moreover, "an injury is not fully compensable by money damages if the nature of the plaintiff's loss would make the damages difficult to calculate." *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992) (citing *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir. 1984)).

In this case, the Plaintiff argues that with respect to its confidential information, "[n]o price can be placed on these resources, nor can the damage that Kirsch's continued use of these resources be easily or accurately quantified." (DE 10). The Plaintiff then cites case law outside the Sixth Circuit which suggests that a preliminary injunction is warranted when confidential information is being misappropriated because it is difficult to quantify damages in such a case. *See e.g., Home Line Furniture Indus., Inc. v. Banner Retail Mktg., LLC*, 630 F.Supp.2d 527, 541 (E.D. Pa. 2009). Nevertheless, again, the Plaintiff failed to identify any confidential information that is being misappropriated by the Defendant. Thus, the Court rejects the Plaintiff's assertion that its alleged injury is not fully compensable by money damages. In fact, most of the Plaintiff's evidence to date relates to its claim that the Defendant breached the "Exclusiveness of Services" provision of the Employment Agreement, a claim that would be fully compensable by money damages. Accordingly, the Court finds that the Plaintiff has failed to show that it will suffer irreparable harm if the injunction is not granted.

### 3. Substantial Harm to Others

The Court must next consider the probability that granting the injunction will cause substantial harm to others. The Plaintiff argues that a preliminary injunction will not cause substantial harm to the Defendant. However, the Plaintiff fails to acknowledge that a court order

enjoining the Defendant from utilizing 5ifth Element's confidential business information would imply that the Defendant has already engaged in improper conduct. Without any evidence that the Defendant is misappropriating the Plaintiff's confidential information, the Court finds that a preliminary injunction could unjustly harm the Defendant in his business dealings with his current and prospective clients. Accordingly, the Court rejects the Plaintiff's assertion that a preliminary injunction will not cause substantial harm to the Defendant.

### 4. Public Interest Served by an Injunction

Finally, the Court must consider whether an injunction would advance the public interest. The Plaintiff contends that "the public interest is best served by enjoining an individual from utilizing his former employer's confidential and trade secrets information and resources for his own benefit after leaving that employment." (DE 10). The Court agrees. But again, without any evidence that the Defendant is utilizing such information and resources, the Court finds that it is simply not in the public interest to enjoin the Defendant from doing something that the Plaintiff has no evidence he is doing. Accordingly, the Court rejects the Plaintiff's assertion that a preliminary injunction would somehow advance the public interest.

### III. CONCLUSION

For the reasons set forth above and having considered the relevant factors, the evidence presented, and the arguments advanced by counsel, the Court finds that on balance, the entry of a preliminary injunction is not appropriate in this matter.

Accordingly, **IT IS HEREBY ORDERED** that 5ifth Element's motion for preliminary injunctive relief (DE 10) is **DENIED**. However, as the Court stated at the hearing, a prompt resolution of all remaining claims will be in all the parties' best interest. Therefore, the Court is

entering an Order for Meeting and Report simultaneous with this Order. The parties should note that the ordinary deadlines have been modified.

Dated this November 30, 2010.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge