UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CIVIL ACTION NO. 5:10-cv-255-KKC

5IFTH ELEMENT CREATIVE, LLC                                PLAINTIFF

v.              **MEMORANDUM OPINION AND ORDER**

HENRY KIRSCH                                           DEFENDANT AND
                                                              THIRD-PARTY PLAINTIFF

v.

TIMOTHY RICE                                           THIRD-PARTY DEFENDANT

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on Third-Party Defendant Timothy Rice's motion to dismiss (DE 22). This motion has been fully briefed and is ripe for a decision. The question presented is whether Mr. Rice is immune from personal liability for his own alleged wrongful acts or misconduct simply because he is a member and manager of a limited liability company and claims he was acting solely on behalf of the company. Under Kentucky law, the answer is no. Therefore, the Court will deny Mr. Rice's motion.

I.      BACKGROUND

On July 29, 2010, the Plaintiff, 5ifth Element Creative, LLC, filed a complaint against the Defendant, Henry Kirsch, a former employee of 5ifth Element (DE 1). In its complaint, the Plaintiff alleges, among other things, that while Mr. Kirsch was employed by 5ifth Element, he solicited the business of multiple clients for his own personal benefit in violation of his Employment Agreement (DE 1). On September 7, 2010, Mr. Kirsch filed his answer, along with a counterclaim against 5ifth Element and a third-party complaint against Timothy Rice, a

member and manager of 5ifth Element (DE 14).

In his third-party complaint against Mr. Rice personally, Mr. Kirsch alleges fraud, tortious interference with prospective economic advantage, and defamation (DE 14). In his fraud claim, Mr. Kirsch alleges that Mr. Rice made material misrepresentations to induce Mr. Kirsch to accept a position at 5ifth Element. In his tortious interference claim, Mr. Kirsch alleges that Mr. Rice made false statements to one of Mr. Kirsch's potential clients, ThromboGenics, Inc., with the intent to destroy Mr. Kirsch's reputation and his relationship with ThromboGenics. Finally, in his defamation claim, Mr. Kirsch alleges that Mr. Rice made false statements to 5ifth Element clients, prospective clients, and industry contacts with an intent to destroy Mr. Kirsch's reputation.

Mr. Rice now moves this Court to dismiss Mr. Kirsch's claims against him for failure to state a claim upon which relief can be granted. Specifically, Mr. Rice asserts that "Kirsch cannot as a matter of law obtain relief on his Third-Party Complaint because he has not presented any allegations that demonstrate Mr. Rice is not entitled to the immunity from personal liability afforded to the Managers and Members of Limited Liability Companies in Kentucky." (DE 22). Mr. Kirsch responds by arguing that under Kentucky law, Mr. Rice can be held personally liable for his own misconduct regardless of the existence of the LLC and even if Mr. Rice were acting on behalf of the LLC (DE 29).

## II. LEGAL STANDARD

Since Mr. Rice submitted affidavits outside of the pleadings in support of his motion to dismiss, the Court treats his Rule 12(b)(6) motion as a motion for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d). Under Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

2

judgment as a matter of law." FED R. CIV. P. 56(a). The movant can satisfy its burden by demonstrating an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). To survive summary judgment, the non-movant must come forward with evidence on which the jury could reasonably find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-movant must present more than a mere scintilla of evidence to defeat a motion for summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir.1989). The Court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. ANALYSIS

Mr. Rice claims that any actions he took and statements he made were on behalf of 5ifth Element in his role as a member and manager of the company (DE 22, Rice Aff., Ex. A, ¶ 5). Therefore, Mr. Rice argues that these actions and statements constituted the acts of 5ifth Element. *See* KRS 275.135. Mr. Rice then relies upon KRS 275.150(1) to support his theory of immunity from personal liability. This provision provides, in pertinent part:

> Except . . . as otherwise specifically set forth in other sections in this chapter, no member, manager, employee, or agent of a limited liability company . . . shall be personally liable by reason of being a member, manager, employee, or agent of the limited liability company, under a judgment, decree, or order of a court, agency, or tribunal of any type, or in any other manner, in this or any other state, or on any other basis, for a debt, obligation, or liability of the limited liability company, whether arising in contract, tort, or otherwise. The status of a person as a member, manager, employee, or agent of a limited liability company . . . shall not subject the person to personal liability for the acts or omissions, including any negligence, wrongful act, or actionable misconduct, of any other member, manager, agent, or employee of the limited liability company.

KRS 275.150(1). Thus, Mr. Rice argues that he cannot be personally liable for the tort or other

3

liability of 5ifth Element simply because of his status as a member and manager of the company.

Mr. Rice's analysis ignores the fact that under Kentucky law, a member or manager of a LLC can be held personally liable for his own wrongful acts or misconduct even if he was acting on behalf of the LLC. In fact, KRS 275.150(3) specifically provides that KRS 275.150(1) "shall not affect the liability of a member, manager, employee, or agent of a limited liability company *for his or her own negligence, wrongful acts, or misconduct*." KRS 275.150(3) (emphasis added). Although KRS 275.150(3) did not become effective until July 15, 2010, it merely codified the Kentucky case law which recognized that "although KRS 275.150 provides members of limited liability companies immunity for the acts or liability of the company . . ., notably absent from the statutory language is immunity for the member's own negligence or actionable misconduct." *J. Stan Devs., LLC v. Lindo*, 2009 WL 3878084, at *3 (Ky. Ct. App. 2009).

The Supreme Court of Kentucky has also said that "the agent of a corporation, albeit a principal shareholder and officer of the corporation, 'is personally liable for a tort committed by him although he was acting for the corporation.'" *Smith v. Isaacs*, 777 S.W.2d 912, 914 (Ky. 1989) (quoting *Peters v. Frey*, 429 S.W.2d 847, 849 (Ky. 1968)). In applying Kentucky law, other federal courts within the Sixth Circuit have even acknowledged the clear principle "'that an agent of a corporation is liable in damages for injuries suffered by third persons because of his (the agent's) tort, regardless of whether he acted on his own account or in behalf of a corporation, and regardless of whether or not the corporation is also liable.'" *Conn v. Markwest Hydrocarbon, Inc.*, 2006 WL 782728, at *5 (E.D. Ky. 2006) (quoting *Pirtle's Adm'x v. Hargis Bank & Trust Co.*, 44 S.W.2d 541, 546 (Ky. 1932)). Accordingly, Mr. Rice's assertion that he is

4

immune from personal liability is not supported by Kentucky law.

## IV. CONCLUSION

Since Mr. Kirsch is suing Mr. Rice for his own alleged wrongful acts or misconduct, the Court finds that Mr. Rice is not immune from personal liability. Accordingly, **IT IS HEREBY ORDERED** that Third-Party Defendant Timothy Rice's motion to dismiss (DE 22), which the Court treats as a motion for summary judgment, is **DENIED**.

Dated this 9th day of December, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge